Glenn R. Kantor - State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Anna Martin – State Bar No. 154279
  E-mail: amartin@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
IRA POTOVSKY and PATRICIA POTOVSKY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA POTOVSKY and PATRICIA POTOVSKY,<br><br>  Plaintiffs,<br><br>  vs.<br><br>LINCOLN BENEFIT LIFE,<br><br>  Defendant. | CASE NO.: 3:23-cv-2235<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **BREACH OF CONTRACT**<br><br>(2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>(3) **FINANCIAL ELDER ABUSE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Ira Potovsky and Patricia Potovsky ("Plaintiffs") herein set forth the allegations of their Complaint against Defendant Lincoln Benefit Life, referred to herein as ("Defendant" or "Lincoln").

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

1
COMPLAINT

3.  Plaintiffs are informed and believe that Defendant Lincoln Benefit Life is a corporation incorporated in Nebraska with its principal place of business in Nebraska. Defendant is authorized to transact and is transacting business in the Northern District of California, and can be found in the Northern District of California.

4.  Plaintiffs Ira & Patricia Potovsky during all relevant times, have been residents and citizens of the County of Marin, State of California.

## GENERAL ALLEGATIONS

5.  This matter involves Defendant's failure to agree to pay the benefits owed under a long-term care insurance policy issued to Plaintiffs Patricia Potovsky ("Mrs. Potovsky") and her husband, Ira Potovsky ("Mr. Potovsky") for the care, treatment, and services Mrs. Potovsky has received commencing in September 2022 through the present.

6.  Effective April 1, 2002, Mr. and Mrs. Potovsky purchased from Lincoln a Comprehensive Long-Term Care Insurance Policy 10-700102210W, with specific provisions applicable to their status as California insureds, identified as policy form LB-6302-P-1-CA(Q). (the "Policy").

7.  Mr. Ira and Mrs. Patricia Potovsky are both named insureds under the Policy at issue.

8.  Mr. Potovsky is Mrs. Potovsky's designated agent (attorney-in-fact) pursuant to a properly executed durable power of attorney which grants Mr. Potovsky authority to act for Mrs. Potovsky in matters relating to financial, insurance, claims, litigation, and other matters.

9.  Each month from the inception of coverage under the terms of the policy at issue through the present, Mr. and Mrs. Potovsky timely made their premium payments to maintain their coverage in full force and effect.

10. The Policy was renewed every year from its inception through the present.

11. The Policy was in force when Mrs. Potovsky began requiring services provided by the terms of her coverage due to her physical and mental deficits.

12. When administering claims made under the Policy, Lincoln knew it was required to ensure all benefit determinations were reasonable and based on the terms of the Policy and the facts and circumstances of each claim.

13. When administering claims made under the Policy, Lincoln knew it owed Mrs. Potovsky the duties of good faith and fair dealing.

14. When administering claims made under the Policy, Lincoln knew it owed Mrs. Potovsky a duty to pay or approve all benefits owed under the Policy timely.

15. Under the Policy, Lincoln promised that after Mrs. Potovsky satisfied the elimination period, it would pay for charges for treatment and care, including under the Home Health Care provision of the Policy.

16. Lincoln timely received notice of Mrs. Potovsky's need for home health care beginning in or about September 2022. Lincoln assigned the claim number 20220929.

17. For the next seven months, and continuing, the care needed by Mrs. Potovsky due to her physical and mental deficits were provided by her 90-year-old husband, and by her children and grandchildren, due to Lincoln's failure to timely acknowledge Potovsky's need for the care covered under the terms of the policy. Due to his concerns regarding depletion of the assets he and his wife needed to survive, Mr. Potovsky took on the burden of caring for his wife, despite having purchased and paid premiums for the subject long term care policy for more than 20 years. He allowed his children and grandchildren to provide him with the assistance they could.

18. During the period between September 2022, and April 5, 2023, Plaintiffs, and their son, David and daughter Elena, and Mrs. Potovsky's treating physicians provided all the information necessary for Lincoln to acknowledge that Potovsky's required the care promised under the terms of the policy. However, on April 5, 2023, Lincoln informed Mr. & Mrs. Potovsky that while it conceded that she suffered from dementia, that fact did not, from its perspective, qualify her to receive benefits, and denied her claim.

19. Lincoln has still failed to pay any benefit under the Policy in relation to Mrs. Potovsky's care and treatment and has specifically denied that she meets the policy requirements to receive care.

20. Lincoln's failure to timely pay benefits owed under the Policy has forced 90-year-old Ira Potovsky to shoulder the burden of caring for his wife's needs, despite having paid premiums to Lincoln for more than 20 years, so that in the event care was required, he would have the financial support of Lincoln in paying caregivers to care for his wife.

21. To date, Lincoln has failed to timely pay all benefits owed under the Policy, and it has failed to adequately explain why it is refusing to pay benefits for care and services it is rejecting.

22. In failing to timely pay all benefits owed under the Policy, Lincoln knowingly violated the terms of the Policy, or it was acting with disregard for whether it was doing so.

23. In failing to timely pay all benefits owed under the Policy, Lincoln harmed Plaintiffs.

24. In failing to adequately explain its bases for rejecting certain claims, Lincoln knowingly violated the terms of the Policy, or it was acting with disregard for whether it was doing so.

25. In failing to adequately explain its bases for rejecting certain claims, Lincoln harmed Plaintiffs.

26. Plaintiffs have satisfied all conditions precedent to receiving benefits under the Policy.

# FIRST CLAIM FOR RELIEF AGAINST
# DEFENDANT FOR BREACH OF CONTRACT

27. Plaintiffs refer to and incorporate herein all preceding paragraphs as though set forth in full in this cause of action.

28. Effective April 1, 2002, Defendant issued to the Plaintiffs a Comprehensive Long-Term Care Policy Number 10-700102210W.

29. From April 1, 2002, through the present, Plaintiffs have paid all premiums due under the Policy.

30. In September 2022, Plaintiff Patricia Potovsky met the criteria to receive benefits under the terms of her Policy, and after satisfying the 90-day elimination period, Plaintiff was entitled to commence receiving benefits from Lincoln. Plaintiffs initiated and submitted all necessary documentation to Defendant such that claims related to Mrs. Potovsky's care should have been approved and paid in full.

31. Plaintiffs are entitled to benefits under the Policy retroactive to December 22, 2022, through the present, consistent with the Policy terms.

32. However, Lincoln improperly has refused to pay for the care received by Mrs. Potovsky or acknowledge that her condition meets the policy criteria to receive benefits.

33. Lincoln has taken such action to on specious grounds, predicating its denial of benefits on its finding that her dementia is "mild" and thus not satisfying the policy terms, while ignoring the fact that Mrs. Potovsky is a danger to herself if left unsupervised.

34. All premiums due to maintain Plaintiffs' coverage in full force and effect under the Policy have been paid by Plaintiffs. At all relevant times, Plaintiffs

have performed all obligations under the Policy on their part to be performed. As a direct and proximate result of Defendant's improper conduct, Plaintiffs have been deprived of the right to obtain full benefits under the terms of the Policy. The denial of benefits constitutes a breach of the insurance contract between Lincoln and the Plaintiffs.

35. Through the acts and omissions described herein, as well as those yet to be uncovered through discovery, Defendant breached the Policy.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. Plaintiffs refer to and incorporate herein all preceding paragraphs as though set forth in full in this cause of action.

37. Defendant breached its respective duty of good faith and fair dealing owed to Plaintiffs in the following respects:

(a) Unreasonably reducing and withholding coverage from Plaintiffs in bad faith at a time when Defendant knew Mrs. Potovsky was entitled to said benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the failure to pay valid claims under the terms of Plaintiffs' coverage.

(c) Intentionally and unreasonably applying pertinent Policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(e) Unreasonably compelling Plaintiffs to institute litigation to recover the benefits due under the Policy to further discourage Plaintiffs from pursuing her full Policy benefits.

38. Plaintiffs are informed and believe and thereon allege that Defendant has breached its duties of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will amend this Complaint at such time as Plaintiffs discover these other acts or omissions.

39. As a proximate result of the wrongful conduct of Defendant, Plaintiffs have suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

40. As a further proximate result of the wrongful conduct of Defendant, Plaintiffs have suffered mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiffs' general damage in a sum to be determined at the time of trial.

41. As a further proximate result of the wrongful conduct of Defendant, Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiffs for those attorneys' fees reasonably necessary and incurred by Plaintiffs to obtain Policy benefits in a sum to be determined at the time of trial.

42. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiffs, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiffs, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiffs of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendant.

43. Defendant's conduct in wrongfully denying Long-Term Care benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a loss of income, and assets essential to their health and welfare. Defendant's conduct in

wrongfully denying long term care benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to their health and welfare. Plaintiff Patricia Potovsky is a disabled person within the meaning of California Civil Code § 3345, and both she and her husband, Plaintiff Ira Potovsky are also Senior Citizens, and because of Defendant's wrongful actions herein, Plaintiffs are entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR ELDER ABUSE

44. Plaintiffs refer to and incorporate herein all preceding paragraphs as though set forth in full in this cause of action.

45. California Welfare and Institutions Code section 15600, The Elder Abuse and Dependent Adult Civil Protection Act, outlines the need for legislation to protect the elderly in their physical and financial needs as well as the damages for the violation of those obligations.

46. Defendant's conduct constituted Financial Abuse as defined by the Act. "Financial Abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (a) takes, secretes, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use with intent to defraud, or both; (b) assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

47. Given the nature of the insurance Policy and the insurance coverage at issue herein, Defendant knew, or should have known that the failure to pay benefits owed to Plaintiffs was a harmful breach of duty, and Defendant should have been aware of the harm caused to Plaintiffs by all of its actions and most importantly by

its failure and refusal to pay her long term care benefits when due under the terms of her coverage.

48. As a direct and proximate result of Defendant's conduct and breach of its obligations, Plaintiffs have suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs ask that judgment be entered in their favor and against Lincoln as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial in excess of $1,000,000 plus interest, including prejudgment interest.

2. General damages for mental and emotional distress and other incidental damage in the sum of $5,000,000.00.

3. Punitive and exemplary damages in an amount in excess of $10,000,000.00.

4. A trebling of any punitive damages award pursuant to California Civil Code §3345.

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court deems just and proper.

DATED: May 8, 2023                KANTOR & KANTOR, LLP

By:   */s/ Glenn R. Kantor*
      Glenn R. Kantor
      Attorneys for Plaintiffs
      IRA & PATRICIA POTOVSKY

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: May 8, 2023                    KANTOR & KANTOR, LLP

                                      By:    /s/ Glenn R. Kantor
                                             Glenn R. Kantor
                                             Attorneys for Plaintiffs
                                             IRA & PATRICIA POTOVSKY