**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRA POTOVSKY; PATRICIA POTOVSKY, | No. 23-4130 |
| Plaintiffs - Appellants, | D.C. No. 3:23-cv-02235-WHO |
| v. | MEMORANDUM[*] |
| LINCOLN BENEFIT LIFE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 4, 2024
San Francisco, California

Before: TYMKOVICH, M. SMITH, and BUMATAY, Circuit Judges.[**]

Appellants Ira and Patricia Potovsky bought an insurance policy for long-

term care from Lincoln Benefit Life Company in 2002. They brought this lawsuit

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

against Lincoln after it denied them coverage.  The district court dismissed the case because the complaint failed to allege damages.  We affirm.

## I. Background

The Potovskys' policy covered "actual expenses incurred" for qualified long term care should one of them become "chronically ill"—which the policy defined as requiring "[s]ubstantial [s]upervision to protect [themselves] from threats to health and safety due to severe [c]ognitive [i]mpairment."[1]  The policy did not cover long-term care provided by spouses or children, and only those who had been receiving qualifying care for ninety days or more were eligible to submit a claim for reimbursement.

Mrs. Potovsky began to experience mental decline in her eighties.  She struggled with many everyday tasks, and suffered falls, burns, and other accidents.  Her primary care physician and her neurologist diagnosed her with dementia after she performed poorly on multiple memory tests.

Mr. Potovsky contacted Lincoln to begin filing a claim under the policy in September 2022, because he intended to hire a caregiver for Mrs. Potovsky.  Out of caution, Mr. Potovsky first asked Lincoln for a determination of Mrs. Potovsky's

---

[1]    These facts are from the Second Amended Complaint and incorporated documentation.  *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).  The allegations are taken as true in this appeal of a motion to dismiss.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

23-4130

eligibility.  He did not want to pay out of pocket for a caregiver if Lincoln was not going to reimburse them.  Lincoln gathered information from Mr. Potovsky over the next few months, including documentation of Mrs. Potovsky's condition and details on the caregivers they wanted to hire.  Mr. Potovsky provided all required paperwork by late January.  A few weeks later, Lincoln confirmed it had "everything needed to send the claim to the supervisor for approval review."

Two months later, Lincoln denied the claim.  In its denial letter, after summarizing the medical record, Lincoln determined:

> The supervision does not rise to the level of Substantial Supervision secondary to severe Cognitive Impairment as per the policy definitions. . . . There is no clear indication that Ms. Potovsky requires supervision on a continuous basis . . . .

> While the medical documentation on file does support Ms. Potovsky has a Cognitive Impairment, there is nothing in the file to support the Cognitive Impairment is severe and requires Substantial Supervision.  The claim will now be closed.

Although the Potovskys internally appealed this denial, Lincoln's decision was unchanged.

Ninety-year-old Mr. Potovsky continued to provide care for Mrs. Potovsky during the claim submission process.  Because Lincoln never approved any of their proposed caregivers, they did not hire one.

23-4130

Their options exhausted, the Potovskys filed this suit.  In their original complaint, they sought damages for a breach of contract, bad faith, and elder abuse.  That complaint was dismissed without prejudice when the district court ruled that, because the Potovskys had not alleged that they performed by hiring a caregiver nor incurred damages, they could not support a breach of contract claim. The district court predicted "[t]he breach of contract claim ultimately may be better suited as an anticipatory breach claim, which the plaintiff's opposition seems to suggest."  Finding that the bad faith and elder abuse claims were lacking without a supporting breach of the contract, the district court dismissed the entire complaint with leave to amend.

The Potovskys filed an amended complaint, adding a claim for anticipatory breach.  They claimed that Lincoln's denial confirmed it would not perform under the contract, and that this repudiation excused any lack of additional performance. Lincoln moved to dismiss again, repeating its arguments against the three refiled claims, and adding that the anticipatory breach claim failed because Lincoln never repudiated the contract in whole, and that the anticipatory breach also lacked the element of damages.  The district court granted dismissal, this time with prejudice.

The Potovskys then filed this appeal, challenging the dismissal of each claim

except for the anticipatory breach of contract claim.[2]

## II. Analysis

We review the district court's ruling de novo. *Doe v. CVS Pharmacy, Inc.*,

982 F.3d 1204, 1208 (9th Cir. 2020). Although the Potovskys appeal the dismissal

of three claims, we focus on the breach of contract claim, as the bad faith and elder

abuse claims depend on it.

"[T]he elements of a cause of action for breach of contract are (1) the

existence of the contract, (2) plaintiff's performance or excuse for

nonperformance, (3) defendant's breach, and (4) the resulting damages to the

plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). In

short, the Potovskys fail to allege any recoverable damages, an essential element of

a breach of contract claim. "A breach of contract is not actionable without

damage." *Bramalea Cal., Inc. v. Reliable Interiors, Inc.*, 119 Cal. App. 4th 468,

473 (2004); *Monster, LLC v. Superior Ct.*, 12 Cal. App. 5th 1214, 1230 (2017)

(Damages are "an element that must be proved to prevail on the merits of a

contract claim.").

---

[2]    According to the Potovskys, they "do not pursue this claim on appeal
because . . . their breach of contract claim was improperly dismissed and provides
for the same relief."

Recoverable general damages must "flow directly and necessarily from a breach of contract, or" must be "a natural result of a breach." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 102 P.3d 257, 261 (Cal. 2004).  Under California law, no damages may be recovered for a breach of contract unless they are "clearly ascertainable in both their nature and origin."  Cal. Civ. Code § 3301. Damages excluded from coverage by an insurance policy are typically not within the contemplation of the parties.  "An insurance policy may exclude coverage for particular injuries *or damages* in certain specified circumstances while providing coverage in other circumstances." *Julian v. Hartford Underwriters Ins. Co.*, 110 P.3d 903, 910 (Cal. 2005) (emphasis added) (quoting *Frank & Freedus v. Allstate Ins. Co.*, 45 Cal. App. 4th 461, 471 (1996)).[3]

The Potovskys' only alleged damages are "in the form of home health care services that Mrs. Potovsky *would* have received had Lincoln acknowledged her entitlement to be reimbursed for supervised care" or in the form of the care provided by Mr. Potovsky.  The former are too speculative or hypothetical to be

---

[3]      The California Supreme Court in *Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 201 (Cal. 1958) stated that "policy limits . . . do not restrict the damages recoverable by the insured for a breach of contract by the insurer."  But that broad language arose from a breach of the duty to settle within policy limits. *See id. Comunale* thus distinguished itself from other types of insurance claims.  It held:  "Where there is no opportunity to compromise the claim and the only wrongful act of the insurer is the refusal to defend, the liability of the insurer is ordinarily limited to the amount of the policy plus attorneys' fees and costs."  *Id.*

23-4130

recovered.  *See Mozzetti v. City of Brisbane*, 67 Cal. App. 3d 565, 577 (1977).  The latter are excluded by the contract and unrecoverable.

Care given by family members is expressly exempted from the policy's coverage.  The Potovskys concede that the care provided by Mr. Potovsky falls within this exclusion and do not provide any justification to circumvent it.  *See Julian*, 110 P.3d at 910 ("An insurance policy may exclude coverage for . . . damages in certain specified circumstances.").  Instead, they argue only that Lincoln waived the requirement that the Potovskys incur expenses before submitting a claim.

We are not persuaded that Lincoln's denial letter and its course of conduct were "inconsistent with an intent to enforce the right" to wait until expenses were actually incurred.  *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 637 (Cal. 1995) (quoting *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)).  But even assuming, without deciding, that Lincoln waived further performance by denying the claim, that would not excuse the Potovskys from showing that they incurred damages as part of their legal claim for relief.  *See Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1468 (2011) ("Damages are an essential element of a breach of contract claim.").  The Potovskys cite no authority, and additional research revealed none, suggesting that damages can be waived in a breach of contract claim.

The Potovskys have not appealed the dismissal of their anticipatory breach claim, nor did they ever seek declaratory or injunctive relief confirming that Mrs. Potovsky was eligible. Their complaint seeks only damages which they never incurred.

The Potovskys' two other claims—bad faith and elder abuse—cannot prevail without a predicate breach of contract. "[A] bad faith claim cannot be maintained unless policy benefits are due . . . ." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990); *see also Progressive W. Ins. Co. v. Superior Ct.*, 135 Cal. App. 4th 263, 278 (2005) ("[If] no benefits are withheld or delayed, there is no cause of action for the breach of the covenant of good faith and fair dealing."); *Waller*, 900 P.2d at 639 (same). And both parties agree that the Potovskys' elder abuse claim should be dismissed if either the breach of contract or bad-faith claims are also dismissed. *See Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 658–59 (2016) (holding that a breach of contract and bad faith are both required for elder abuse based on breach of contract).

We **AFFIRM.**